# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-2128 FMO (AJWx)** | Date | **May 16, 2017** |
| Title | **Richard Acosta, et al. v. FCA US, LLC** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:      Attorney Present for Defendants:

None Present      None Present

**Proceedings:**      **(In Chambers) Order Remanding Action**

On March 17, 2017, defendant FCA US, LLC ("FCA" or "defendant") removed this action on the basis of diversity jurisdiction. (See Dkt. 1, Notice of Removal ("NOR") at p. 1). On April 14, 2017, plaintiffs Richard D. Acosta and March F. Acosta ("plaintiffs"), filed a Motion for Remand (Dkt. 14, "Motion"). The Motion was noticed for oral argument on May 18, 2017. (See id.). The May 18, 2017, hearing date required FCA to file its opposition to the Motion no later than April 27, 2017. See Local Rule 7-9. As of the filing date of this Order, – 19 days after the opposition was due – FCA still has not filed any opposition to plaintiffs' Motion. (See, generally, Dkt.). "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion[.]" Local Rule 7-12.

Given defendant's failure to file an opposition to the Motion and the fact that a removing defendant bears the burden of establishing that removal is proper, see Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"), the court will grant plaintiffs' Motion and remand the action to state court. See also Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Finally, plaintiffs seek an award of attorney's fees and costs in connection with their Motion. (See Dkt. 14, Motion at 14). Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711) (2005). Here, the court finds that defendant did not lack an objectively reasonable basis for removal.

**This order is not intended for publication. Nor is it intended to be included in or**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-2128 FMO (AJWx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | Richard Acosta, <u>et</u> <u>al.</u> v. FCA US, LLC | | |

**submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Remand **(Document No. 14)** is **granted in part** and **denied in part.** The Motion is granted to the extent it seeks remand of the action to state court. The Motion is denied to the extent plaintiffs seek fees and costs.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Ventura, 800 South Victoria Avenue, Ventura, California 93009, pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |